(59 Misc. Rep. 365.)

### In re HAMMOND.

(Supreme Court, Special Term, New York County. May, 1908.)

INSANE PERSONS—APPOINTMENT OF COMMITTEE—COSTS.

In proceedings for the appointment of a committee for an alleged insane person, on finding of sanity, the court cannot charge costs of the proceedings against the property of the alleged incompetent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Insane Persons, § 39.]

Application for the commitment of James B. Hammond, an alleged insane person. Motion to determine compensation of commissioners. Alleged insane person held not liable.

John Holden, for petitioner.

Rollins & Rollins, for commissioners.

Quigg, Bostwick & Coleman (Charles W. Coleman, of counsel), for respondent.

FITZGERALD, J. The opinion of Mr. Justice Greenbaum confirming the inquisition (112 N. Y. Supp. 296), to the extent that it is necessary to be here considered, holds only that, as between the petitioner and the respondent, the claim of the former for costs and expenses was untenable. The court is now asked by the commissioners to determine the amount each commissioner shall receive as compensation for his services and to direct by which of the parties it shall be paid. "The finding of sanity," says the learned justice, supra, "deprives the court of any control over the property of the respondent, and the authorities seem to be unanimous in the statement that under the circumstances no costs may be charged against the property of the person against whom the proceeding is taken." Following this rule, which appears to be supported by abundant authority (Carter v. Beckwith, 128 N. Y. 312, 28 N. E. 582; Matter of Lofthouse, 3 App. Div. 139, 38 N. Y. Supp. 39; Sander v. Larner, 101 App. Div. 168, 91 N. Y. Supp. 428), it must be held that respondent is not legally liable. Compensation of commissioners is limited by rule 71, General Rules of Practice. Matter of Hammond (Sup.) 112 N. Y. Supp. 297. The petitioner alone is liable.

Settle order upon usual notice.